IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHALAY A. PETERSON, Individually and as Prochein Ami for ISLAM Y.I.S. PETERSON, a Minor, and DWIGHT PETERSON,<br><br>    Plaintiffs,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____ | CV NO 05-00465 DAE BMK |

ORDER DENYING DEFENDANT'S MOTION IN LIMINE
REGARDING THE PLACEMENT OF ANY AWARD
FOR FUTURE MEDICAL DAMAGES INTO A REVERSIONARY TRUST

The Court heard Defendant United States' Motion in Limine on August 15, 2006. L. Richard Fried, Jr., Esq., and John D. Thomas, Jr., Esq., appeared at the hearing on behalf of Plaintiffs. Assistant United States Attorney Harry Yee appeared at the hearing on behalf of Defendant. The Court ordered supplemental briefing to be due on November 24, 2006. After reviewing the motion, the supporting and opposing memoranda, and the supplemental briefing, the Court DENIES Defendant's Motion in Limine Regarding the Placement of Any Award for Future Medical Damages into a Reversionary Trust.

## BACKGROUND

On October 25, 2006, this Court entered judgment in favor of Plaintiffs and concluded that among other damages, Plaintiffs are entitled to recover future life care expenses of $12,376,763. This amount was based upon a finding of a life expectancy of 27 years for Islam Y.I.S. Peterson ("Izzy"). This Court reserved for judgment the issue of whether these future life care expenses should be placed in a reversionary trust.

A reversionary trust ensures that money placed in the trust is used for the purpose of Izzy's future care needs, and in the event that Izzy passes away prior to the expected 27 years, any remaining funds would revert back to Defendant, thereby avoiding a windfall to Izzy's parents. Plaintiffs and Defendant filed their supplemental briefs on this issue on November 24, 2006. Defendant requests that this Court place the award for future medical expenses into a trust in which the United States holds a reversionary interest in the event of Izzy's untimely death. Plaintiffs argue that a reversionary trust is inappropriate in this case for two reasons: 1) Hawaii state law provides ample protection for any award made for Izzy's future care; and 2) Defendant failed to establish that such a trust is in the best interests of Izzy.

## DISCUSSION

The Tenth Circuit has held that the district court has the inherent authority to order that a plaintiff's future care cost damages be paid in the form of a reversionary trust. Hull v. United States, 971 F.2d 1499, 1505 (10th Cir. 1992), cert. denied, 507 U.S. 1030 (1993). The Seventh Circuit has recognized that "[a] reversionary trust might be useful when there is great uncertainty about the victim's life expectancy. . . .[because] [t]he award . . . provide[s] for the victim's maximum life while allowing for the possibility of earlier death. This makes the defendant (rather than the plaintiff's relatives or an annuity company) the residual riskbearer." Nemmers v. United States, 795 F.2d 628, 636 n.4 (7th Cir. 1986).

While a district court has authority to impose a reversionary trust, "it may only do so if it is in the best interests of the child." Hill v. United States, 81 F.3d 118, 121 (10th Cir. 1996) (citation and internal quotations omitted). The burden is on "the party proposing such a plan to demonstrate that it would be in the best interests of the child." Id. The imposition of a reversionary trust may also be imposed when the person for whom the damages are awarded consents to the establishment of the trust. See Robak v. United States, 503 F. Supp. 982, 983 (D. Ill. 1980) reversed in part on other grounds by Robak v. United States, 658 F.2d

471 (7th Cir. 1981); see also Hull, 971 F.2d at 1505 (noting it was highly relevant that the child, through his representative, consented to a fully reversionary trust).

In Robak, the court imposed a reversionary trust because the parties had agreed upon the imposition of a reversionary trust and because the court had awarded future life care expenses for the full 71.8 years that the child would be expected to live if she were healthy.  503 F. Supp. at 983.  The court recognized that the imposition of the trust resolved any possible inequity resulting from the child not living the full 71.8 years because if she died earlier, all remaining trust proceeds would revert back to the defendant, thereby preventing the possibility of unjust enrichment to the child's family.  Id.

Similarly, in Hill, the future life care expenses award was based upon "a projected life expectancy of a normal healthy girl of her age."  81 F.3d at 120.  Thus, there remained the possibility that the child may die earlier and the remaining funds could result in a windfall to the parents.

In the instant case, Defendant maintains that even though this Court determined Izzy's life expectancy to be 27 years, based upon credible medical evidence it still remains an uncertainty, and a reversionary trust avoids a windfall to the parents in the event that Izzy dies earlier than his life expectancy.  This

argument is unpersuasive, however, since all life expectancies, even those made by an insurance carrier, are uncertain, and thus, the possibility of a windfall is present in every case. See Reilly v. United States, 665 F. Supp. 976, 1018 (D.R.I. 1987) ("The risk that a foreshortened life expectancy will result in overcompensation to a successful tort plaintiff is present in virtually every personal injury case.").

        Furthermore, unlike the Roback case and the Hill case, this Court did not award future medical expenses for Izzy's full life expectancy as a healthy child, which would have been 68 years. Instead, this Court specifically found that Izzy's life expectancy is 27 years. Therefore, although the award is large due to the level of care Izzy requires, it by no means represents a windfall to his parents should he die sooner since it is based on a 27 year life expectancy, and not based upon a maximum 68 year life expectancy. See also Nemmers, 795 F.2d at 636 n.4 (noting that a reversionary trust may be appropriate when the award provides for the victim's maximum life). In addition, unlike the Roback case, the parties here have not agreed to a reversionary trust.

        Moreover, not imposing a reversionary trust comports with the principles of fairness in allocating the risks between the parties. As long as the award of damages is computed correctly, which this Court believes it is and neither

5

party has challenged that finding, then there will be just enough to last Izzy's lifetime. Since this Court did not award future life care expenses for Izzy's maximum life expectancy as a health child, Izzy's parents take the risk that Izzy will live longer than 27 years. Izzy's parents would then be responsible for paying for any continuing medical care expenses at that time, since they clearly cannot return to this Court to reopen the issue of the amount of future care damages. Reilly, 665 F. Supp. at 1018 ("courts cannot order supplemental payments for plaintiffs whose actual care expenses exceed their future care awards"). Thus, as the court noted in Nemmers, if Izzy dies early, his parents do not get a windfall, but instead are compensated "for assuming the risk of having to cover [Izzy's] expenses if he outlives the income provided by the award." Nemmers, 795 F.2d at 635. If this Court were to impose a reversionary trust then Plaintiffs would bear the risk of Izzy outliving the 27 years and receive no possible benefit for assuming that risk, yet Defendant would receive the benefit of a reverter, without shouldering any risk. As the court noted in Reilly, such a situation does not comport with principles of fairness. 665 F. Supp. at 1018 ("the party who bears a given risk deserves to enjoy the corresponding benefit. . . . granting the government a reversion in any surplus from the future care award would violate this principle of

6

fairness. The plaintiffs would retain the risk that [the child's] future care expenses may exceed the future care award, while the defendant would enjoy the benefits resulting if the future care award fortuitously exceeded the actual expenses incurred. Only in the latter situation, where the party enjoys a benefit without shouldering the corresponding risk, can it be said that a true windfall has occurred."). Defendant recognized this risk assessment in its Reply brief, which was filed before this Court made a finding as to Izzy's life expectancy, when it argued that the reversionary trust would allow this Court to award damages for Izzy's *maximum* life expectancy and shift the risk of an inaccurate assessment away from Izzy's parents and onto the Defendant. (Def.'s Reply in Support of Mot. in Limine at 6.) Since this Court did not award damages for Izzy's maximum healthy life expectancy, Izzy's parents still bear the risk and thus, a reversionary trust is not appropriate.

Importantly, Defendant has not shown how a reversionary trust benefits Izzy. Defendant only argues that it would prevent a windfall to his parents. Even if any remaining funds were considered to be a windfall to Izzy's parents, such a possibility is irrelevant in a case such as this since there is no evidence that Izzy's parents would not provide a safe and loving environment for

him during his lifetime. Indeed, Defendant acknowledges that Izzy's parents "are wonderful, caring parents who provide a loving and safe environment for Izzy . . . there is no dispute on that score." (Def.'s Reply in Support of Mot. in Limine at 3.) Defendant has also stated that it is not taking the position that a reversionary trust is in Izzy's best interest, and has recognized that it has failed to point to any factor indicating that a reversionary trust is in Izzy's best interests. (Def.'s Reply in Support of Mot. in Limine at 2, 3.) Therefore, there is no reason for concern over Izzy's safety because his parents have the right to receive the unspent portion of the award in the event that he dies earlier than 27 years.

Finally, Hawaii law provides for protection of the corpus of the future life care award. See Haw. Rev. Stat. § 560:5-401; Hawaii Probate Rules 101, 107-109 (plaintiffs' counsel must initiate proceedings for the appointment of a conservator, who shall act as a fiduciary, to protect the award to the minor; requiring the conservator's signature for withdrawals from the minor's estate; requiring that an itemized budget for regular distribution of medical expenses be provided to the State court and that further withdrawals have court approval).

Therefore, because this Court did not award the maximum healthy life benefit, Izzy's representative has not agreed to a reversionary trust, there is no

indication that Izzy's family would try to take advantage of Izzy's estate, Defendant has not shown that a reversionary trust is in Izzy's best interests, and Hawaii law provides for protection of Izzy's assets, this Court DENIES Defendant's request for a reversionary trust.

## CONCLUSION

For the reasons stated above, this Court hereby DENIES Defendant United States' Motion in Limine Regarding the Placement of Any Award for Future Medical Damages Into a Reversionary Trust.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 12, 2007.



_____
David Alan Ezra
United States District Judge

Peterson, et al. v. United States, CV No. 05-465 DAE/BMK; ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTION IN LIMINE REGARDING THE PLACEMENT OF ANY AWARD FOR FUTURE MEDICAL DAMAGES INTO A REVERSIONARY TRUST.